UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEKA JACKSON, individually; BETTY JACKSON, individually<br><br>Plaintiffs,<br><br>v.<br><br>KEY INSURANCE, a foreign corporation d/b/a/ STORM LEGAL GROUP and d/b/a DESERT RIDGE LEGAL GOUP; DOES I through V; and ROE CORPORATIONS VI-X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01542-APG-VCF<br><br>ORDER DENYING MOTION TO REMAND<br><br>[ECF No. 9] |

The plaintiffs were injured in an automobile accident. They sued the tortfeasor and vehicle owners in state court and obtained a default judgment for $767,270.80. The judgment also assigned to the plaintiffs "any rights of action for bad faith, unfair or deceptive trade practices, misrepresentations, or any other claim by [the defendants] against [their insurer] Key Insurance Company . . . ." ECF No. 9 at 2. The plaintiffs then filed this lawsuit in state court asserting those assigned claims against Key. ECF No. 7-1. Key timely removed the case to this court based on diversity jurisdiction.

The plaintiffs (Nevada citizens) now move to remand the case to state court. ECF No. 9. They argue that, based on the allegations in their complaint, Key should be deemed a citizen of Nevada for this case because:

- The attorneys who represented the defendants in the underlying case were employees of Key.

- The attorneys made all litigation decisions in the underlying case.

- Key delegated to the attorneys "the direction, control, and coordination of their actions related to the 'original Defendants'" in the underlying case.
- Therefore, the "principal place of business, nerve center, primary office, direction center, control center, and coordination center of Defendant Key related to the 'original defendants' and their representation" in the underlying case were in Nevada.

ECF No. 7-1 at 3-4. Thus, the plaintiffs argue, complete diversity is lacking because the plaintiffs are Nevada citizens and Key's principal place of business for this case is in Nevada.

This court can exercise diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and the dispute is between citizens of different States. 28 U.S.C. § 1332(a).[1] Key is deemed a citizen of the states "by which it has been incorporated and . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). Key is incorporated in Kansas, so the question is whether Key has its principal place of business in Nevada.

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Key's employee-attorneys represented the tortfeasor in the underlying Nevada lawsuit. ECF No. 17 at 3. The plaintiffs argue that the attorneys had an ethical and professional obligation to "exercise independent professional judgment and render candid advice," which they

---

[1] The parties agree that the $75,000 jurisdictional floor is satisfied.

could not do "if they [were] fully directed, controlled and coordinated by a Kansas insurance company." ECF No. 9 at 9.  The plaintiffs contend that because Key's employee-attorneys directed and controlled their own litigation strategies, Key's "nerve center" for this case must be Nevada.

The plaintiffs' interpretation of the "nerve center" test is too narrow in that it focuses on the locus of decisions made in one specific case.  This interpretation could create several principal places of business for a corporation, in every city where a branch office or local store has some autonomy to make decisions over its own operations.  That is contrary to the Supreme Court's holding that a corporation has only one principal place of business.

> [T]he statute's text deems a corporation a citizen of the "State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The word "place" is in the singular, not the plural.  The word "principal" requires us to pick out the "main, prominent" or "leading" place. . . .  A corporation's "nerve center," usually its main headquarters, is a single place.  The public often (though not always) considers it the corporation's main place of business.

*Hertz*, 559 U.S. at 93 (simplified).  Allowing the principal place of business to change for each case creates the unpredictability, gamesmanship, and complex jurisdictional issues the Court specifically intended to avoid with its decision in *Hertz*. *See id.* at 94-95.

It appears that Key's principal place of business is in Kansas.  Key asserts that its headquarters is in Kansas, all of its directors live in Kansas, the board of directors meets in Kansas quarterly, and the "policies and procedures integral to [its] business operations are reviewed, vetted, and enforced in Kansas." ECF No. 17 at 6.  Thus, it appears that complete diversity of citizenship exists between the plaintiffs and Key.  However, the plaintiffs may file a new motion to remand if evidence uncovered in discovery supports a finding that Key's principal place of business is in Nevada.

I THEREFORE ORDER that the plaintiffs' motion to remand **(ECF No. 9) is denied** without prejudice to filing a new motion to remand should discovery reveal evidence to support a finding that Key Insurance's principal place of business is in Nevada.

DATED THIS 26th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE