**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEKA JACKSON, *et al*.<br><br>              Plaintiff(s),<br><br>vs.<br><br>KEY INSURANCE COMPANY,<br><br>              Defendant(s). | **2:22-cv-1542-APG-MDC**<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE: PLAINTIFFS' MOTION TO COMPEL** |

The Court has reviewed plaintiffs' *Motion to Compel* (ECF No. 50) and requests the parties to file supplemental briefs, as discussed and ordered below.

**I.      DISCUSSION**

In 2019, plaintiffs Aleka Jackson and Betty Jackson were involved in a motor vehicle accident and thereafter filed an action in Eighth Judicial District Court for Clark County, Nevada, Case No. A-20-812496C- ("State Action") against the driver of the vehicle and the vehicle's registered owners (together, the "At Fault Parties"). The vehicle was insured by Key. On June 23, 2022, the state court entered a Judgment and Order ("06/23/22 State Order") in the State Action. Among other things, the 06/23/22 State Order assigned to plaintiffs Aleka Jackson and Betty Jackson the right to pursue certain claims, directly against Key:

> 7.      IT IS FURTHER ORDERED that Plaintiffs are HEREBY ASSIGNED any rights of action for bad faith, unfair or deceptive trade practices, misrepresentations, or any other claim by JUAN JESUS MENDOZA; MICAELA RASCON-ROMERO; or JUAN CARLOS OCTAVO CHAVEZ against KEY INSURANCE COMPANY, its affiliates, representatives, as well as any law firms retained by KEY INSURANCE COMPANY, on behalf of the named-Defendants as it relates to the collision of March 2, 2019, this case and the claims and litigation handling. "Rights of action held by a judgment debtor are personal property subject to execution in satisfaction of a judgment." Gallegos v. Malco Enters, of Nev., Inc., 127 Nev. 579, 582, 255 P.3d 1287, 1289 (2011).

*See* ECF No. 53-4 at p. 6.

Pursuant to that judicial assignment, the plaintiffs initiated the instant action against Key and the other defendants asserting bad faith claims.

### A. Discovery At Issue

In their Motion, plaintiffs request the Court to compel: (1) Key to produce the unredacted claim file relative to the At Fault Parties; (2) defendants' Fed. R. Civ. P. 36(b)(6) designee/s to answer questions for certain deposition topics; and (3) the deposition of Key's former in-house/staff counsel, Thomas Larmore, Esq. Key objects to such discovery on the grounds that the information sought is protected by the attorney-client privilege and/or work-product doctrine.

### B. Plaintiffs Discovery Rights Under The 06/23/22 State Order

It appears, however, that the issues raised by plaintiffs' Motion should be resolved in the State Action. The 06/23/22 State Order seems to order and grant the plaintiffs Aleka Jackson and Betty Jackson the right to obtain the information that plaintiffs seeks via its Motion here:

> 8. IT IS FURTHER ORDERED that Plaintiffs may take all acts related to the prosecuting and investigating of any claims that Defendants may have against their insurer or attorneys, to include requesting records, invoices directly from their insurance company, copies of correspondence, request for claims files, subpoenas, responding to discovery and all other rights that are now assigned as it relates to the collision of March 2, 2019.

*See* ECF No. 53-4 at p. 7.

In their opposition to plaintiffs' Motion, Defendants assert the attorney-client and/or work-product privileges to resist producing such information. However, plaintiffs may nevertheless be entitled to privileged information because they are standing in the shoes of the insured (*e.g.*, the At Fault Parties). *See State Farm Mut. Auto. Ins. Co. v. Hansen*, 131 Nev. 743, 747, 357 P.3d 338, 341 (2015)("We have held that an attorney-client relationship exists between insurer-appointed counsel and the insurer."). The 06/23/22 State Order presumably considered such general principle and thus, imposed no limitations on the information available to plaintiffs. *See Jones v. State*, 107 Nev. 632, 637,

817 P.2d 1179, 1181 (1991) ("[T]rial judges are presumed to know the law and to apply it in making their decisions."). Ultimately, the State Action may be the appropriate forum to enforce the 06/23/22 State Order and determine whether defendants are obligated to produce to plaintiffs the information at issue. *See e.g., Burt v. Crawford,* No. 05-cv-1076-RLH-PAL, 2006 WL 2443670, at *7 (D. Nev. Aug. 22, 2006)("[T]his Court has no jurisdiction to enforce an order of a State Court Judge in another matter.").

## II.  SUPPLEMENTAL BRIEFING

The foregoing issues were not directly addressed or developed by the parties. The Court believes that supplemental briefing will be helpful in determining plaintiffs' Motion.

ACCORDINGLY,

**IT IS ORDERED** that the parties shall each file one supplemental brief addressing the matters raised in this order.  The parties' supplemental briefs shall be no longer than five (5) pages and shall be filed by **October 14, 2024**.

DATED this 30th day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge